# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSHUA HACKMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:11-CV-909 CAS |
| v. ) | |
| ) | |
| HATTIE BRAXTON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion to Dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, filed by defendants Hattie Braxton, Michael Stamper, Alan Stahl and St. Charles County, Missouri. Plaintiff Joshua Hackman opposes the motion and it is fully briefed. For the following reasons, the motion, construed as a motion for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., will be granted in part and denied in part.

**Background**

This is a civil rights action under 42 U.S.C. § 1983. According to the complaint, the underlying facts of this matter are as follows: On April 13, 2009, plaintiff was an inmate housed in Unit M of the St. Charles County Department of Corrections ("DOC"). After plaintiff was informed that he was going to be transferred to Unit I, he told several DOC employees that he had previously been assaulted by Inmate Emerson, who was housed in Unit I. Nonetheless, plaintiff was transferred to Unit I, and was immediately attacked and punched in the face by Inmate Emerson, causing significant pain and bleeding. Plaintiff was removed from Unit I. Complaint at 3.

Some months later, plaintiff was returned to DOC custody from the Fulton Reception & Diagnostic Center ("Fulton"), and requested to be housed in Unit M. Plaintiff was initially housed

in Unit M, and then was informed he would be transferred to Unit J. At that time, the inmates from Unit I were being housed in Unit J. Plaintiff told defendant Stamper of the previous attack on him by Inmate Emerson. Stamper said that Inmate Emerson was not being housed in Unit J and that Stamper had checked the roster. Stamped also stated that Braxton authorized plaintiff's transfer to Unit J. Soon after being transferred to Unit J, plaintiff was attacked by Inmate Emerson and a second inmate, Moore. This attack caused serious injuries to plaintiff's head, neck and shoulders, and significant pain. Complaint at 3-4.

Some time later, plaintiff was again returned to the DOC from Fulton and housed in Unit M. At a later time, Inmate Moore was placed in Unit M with plaintiff. On or about September 22, 2009, plaintiff was attacked by Inmate Moore, causing significant pain and injuries to plaintiff. Complaint at 4.

In Count I of the complaint, plaintiff alleges that individual defendants Braxton and Stamper failed to protect him and put him in a condition that posed a substantial risk of serious harm when they knowingly placed plaintiff in Unit J with a known enemy.

In Count II, plaintiff alleges that individual defendant Stahl, Director of the DOC, had actual knowledge that plaintiff was placed with known enemies on three separate occasions after plaintiff notified DOC employees of the substantial risk of harm he faced, and Stahl acquiesced in this. In the alternative, plaintiff alleges that Stahl is liable because he failed to train and/or supervise defendants Braxton and Stamper.

In Count III, plaintiff alleges that defendant St. Charles County, Missouri (the "County") is liable because it (1) delegated authority to Braxton, Stamper and Stahl such that these individuals are policy makers for the County and their acts may be said to be those of the County; (2) failed to properly hire, train, supervise, control and/or discipline Braxton, Stamper and Stahl; and/or (3) knew

2

of a pattern of conduct and had a policy or custom of failing to act upon prior similar complaints of unconstitutional conduct such as that engaged in by Braxton, Stamper and Stahl, that was so persistent and widespread as to have the effect and force of law. In Count IV, plaintiff alleges that the County is liable for the conduct of defendants Braxton, Stamper and Stahl under a theory of respondeat superior.

Defendants move to dismiss Counts I through IV on the basis that each count fails to state a claim upon which relief may be granted.

**Legal Standard**

Defendants filed their answer in this case on August 1, 2011, and then filed the instant motion to dismiss on February 15, 2012. A Rule 12(b)(6) motion cannot be filed after an answer has been submitted, see Fed. R. Civ. P. 12(b)(6). Rule 12(h)(2) provides, however, that a defense of failure to state a claim upon which relief can be granted may be raised in a motion for judgment on the pleadings under Rule 12(c). The Court will therefore construe defendants' motion to dismiss as a motion under Rule 12(c). See Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The distinction is "purely formal" as a motion under Rule 12(c) is determined by the same standards that are applied to a motion under Rule 12(b)(6). Id.; Ginsburg v. InBev NV/SA, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010).

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A grant of judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is

entitled to judgment as a matter of law." Clemons v. Crawford, 585 F.3d 1119, 1124 (8th Cir. 2009) (internal quotation marks and quoted case omitted), cert. denied, 130 S. Ct. 3507 (2010).

"Well-pleaded facts, not legal theories or conclusions, determine the adequacy of the complaint." Id. (brackets and quoted case omitted). "The facts alleged in the complaint must be enough to raise a right to relief above the speculative level." Id. (internal quotation marks and quoted case omitted). The Court must "accept as true all factual allegations set out in the complaint" and "construe the complaint in the light most favorable to the plaintiff, drawing all inferences in [his] favor." Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009) (brackets and quoted case omitted). "A plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint 'strikes a savvy judge that actual proof of the facts alleged is improbable' and recovery 'very remote and unlikely.'" Hamilton v. Palm, 621 F.3d 816, 819 (8th Cir. 2010) (quoting Braden v. Wal-Mart Stores, 588 F.3d 585, 594 (8th Cir. 2009)).

**Discussion**

Plaintiff's complaint asserts claims under 42 U.S.C. § 1983 against prison officials and St. Charles County, Missouri, for their alleged failure to protect him from repeated assaults by other inmates in violation of his Eighth Amendment rights.

It is "clearly established . . . that the [E]ighth [A]mendment require[s] prison officials 'to protect prisoners from violence at the hands of other prisoners.'" Young v. Selk, 508 F.3d 868, 875 (8th Cir. 2007) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)). The Eighth Circuit has established a two-pronged test to determine the sufficiency of failure to protect allegations. See, e.g., Schoelch v. Mitchell, 625 F.3d 1041, 1046 (8th Cir. 2010); Nelson v. Shuffman, 603 F.3d 439, 446 (8th Cir. 2010). Under the first prong, the court considers "whether, viewed objectively, the deprivation of rights was sufficiently serious." Nelson, 603 F.3d at 446 (quoting Irving v. Dormire,

4

519 F.3d 441, 446 (8th Cir. 2008)). To be sufficiently serious a plaintiff must demonstrate "that the official's failure to protect resulted in the inmate being 'incarcerated under conditions posing a substantial risk of serious harm.'" Young, 508 F.3d at 872 (quoting Farmer, 511 U.S. at 834). Under the second prong, "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it[.]" Young, 508 F.3d at 873 (citing Farmer, 511 U.S. at 834). Mere negligence, including gross negligence, does not support a conclusion that a prison official was deliberately indifferent in responding to a risk. Norman v Schuetzle, 535 F.3d 1097, 1106, 1107 (8th Cir. 2009).

A. Respondeat Superior Liability - St. Charles County

Count IV of plaintiff's complaint asserts that defendant St. Charles County is liable under the theory of respondeat superior, based on the conduct of its employees Braxton, Stamper and Stahl. Defendants move for judgment on the pleadings on the basis that it is well settled there can be no liability under § 1983 based on respondeat superior, citing Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 694 (1978).

Defendants are, of course, correct that Section 1983 will not support a claim based on a respondeat superior theory of liability. Board of County Commr's of Bryan County, Okla. v. Brown, 520 U.S. 397, 403 (1997) (citing cases). This aspect of defendants' motion should be granted.

B. Counts I, II and III

Defendants move for judgment on all of plaintiff's claims in Counts I, II and III for failure to state a claim upon which relief can be granted. Although defendants' motion may accurately identify some deficiencies in the complaint, if the Court were to grant the motion, it would allow

5

plaintiff to amend his complaint. Discovery in the case has concluded[1] and dispositive motions are due in approximately three weeks, on April 4, 2012. Because of this procedural status and considering the nature of plaintiff's allegations, the Court finds it is in the interests of judicial economy to deny the instant motion and address the validity of plaintiff's claims on a summary judgment motion with the benefit of a factual record, rather than ordering plaintiff to replead at this late date. The remainder of defendants' motion for judgment on the pleadings will therefore be denied without prejudice.

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss, construed as a motion for judgment on the pleadings, will be granted as to Count IV and denied without prejudice as to Counts I, II and III.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss, construed as a Motion for Judgment on the Pleadings, is **GRANTED in part** and **DENIED in part**; the motion is **GRANTED** as to Count IV and **DENIED** without prejudice in all other respects. [Doc. 24]

---

[1] Plaintiff's motion for leave to depose Austin Brown was granted by Docket Text Order of March 7, 2012. That deposition should be taken in a timely manner, if it has not already occurred.

An order of partial dismissal will accompany this Memorandum and Order.

                                                      _____
                                                      **CHARLES A. SHAW**
                                                      **UNITED STATES DISTRICT JUDGE**

Dated this  12th  day of March, 2012.